UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>HDSP, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:18-cv-01078-JCM-GWF<br><br>ORDER |

## I. DISCUSSION

This action is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

On May 16, 2019, the Court issued a screening order informing Plaintiff that, if he did not to file an amended complaint curing the stated deficiencies of the complaint within 30 days, this action would proceed immediately on the following portions of the first amended complaint: Count I, alleging RLUIPA and free exercise of religion claims against defendants Dzurenda, Calderin, Nash, Williams, Arevalo, Bean, and Maylor; the portions of Count II alleging Establishment Clause and equal protection claims based on alleged religious television channels may proceed against defendants Dzurenda, Williams, Nash, and Calderin; the portion of Count II alleging an equal protection claim based on the

1

alleged limitation of chaplains to Christian chaplains may proceed against defendants Dzurenda, Wickham, and Williams; the portions of Count II alleging equal protection and free exercise of religion claims based on the alleged scheduling of Sunday religious services may proceed against defendants Towbin, Whinfert, Parygan, Nash, Bean, Williams, Calderin, Wickham, and Dzurenda; and Count III, alleging First Amendment retaliation claims, may proceed against defendants Gentry, Nash, Williams, Foster, Baker, Ritz, Dzurenda, Bean, Porto, and Estel. (ECF No. 6 at 24).

In the screening order, the Court specifically stated that, if Plaintiff did not file an amended complaint within 30 days, the action would proceed on the claims, outlined above, that it had determined were permitted to proceed. (*Id.* at 23). Plaintiff has not filed an amended complaint. Therefore, pursuant to the screening order, this action shall proceed on the claims outlined above.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (**Lausteveion Johnson, # 82138**), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court

2

shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Court determines that this case is not being referred to the Court's Inmate Early Mediation Program ("the Program"). The Court has referred Plaintiff's civil rights cases to the Program in the past with little success. Accordingly, the Court finds that referring this case to the Program would not be a good use of the Court's resources and the parties' time.

It is further ordered that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 4-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 6), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For

3

the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

It is further ordered that, henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

DATED THIS 20th day of June 2019.

_George Foley Jr._
UNITED STATES MAGISTRATE JUDGE