UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUSTEVEION JOHNSON<br><br>Plaintiff,<br>v.<br>HIGH DESERT STATE PRISON, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-01078-JCM-GWF<br><br>ORDER |

Presently before the court is defendants James Dzurenda, Julio Calderin, Jennifer Nash, Brian Williams, Jeremy Bean, Taylor Paryga, Anthony Ritz, Pamela Del Porto, Harold Wickham, Sheryl Foster, Renee Baker, and Benjamin Estill's (collectively "defendants") motion to revoke *pro se* plaintiff Lausteveion Johnson's pauper status. (ECF No. 12). Johnson filed a response (ECF No. 15), to which defendants replied (ECF No. 18).

Also before the court is defendants' motion for sanctions. (ECF No. 13). Johnson filed a response (ECF No. 15), to which defendants replied (ECF No. 19).

Also before the court is Johnson's countermotion for sanctions. (ECF No. 15). Prior to the defendants' filing of their response (ECF No. 24), Johnson filed a "reply" (ECF No. 22).

Also before the court is Johnson's "motion for oral arguments on all pending motions." (ECF No. 28). Defendants have not filed a response and the time to do so has passed.

Also before the court is Johnson's second motion for "oral argument on all pending motions." (ECF No. 31). Defendants have not filed a response and the time to do so has passed.

Also before the court is Johnson's motion for partial summary judgment. (ECF No. 33). In response, defendants have filed a motion to deny Johnson's motion for partial summary judgment, or alternatively, for an extension of time to file an opposition to Johnson's motion for partial summary judgment. (ECF No. 34).

The court finds that oral argument is not necessary to resolve these motions.

**I.     Background**

On June 18, 2018, Johnson filed a motion/application for leave to proceed *in forma pauperis* ("IFP application") (ECF No. 1) with an attached complaint (ECF No. 1-1) while in the custody of the Nevada Department of Corrections ("NDOC"). Johnson filed an amended complaint on February 6, 2019. (ECF No. 4-1). The court granted Johnson's IFP application and issued its screening order on June 20, 2019. (ECF No. 7).

Now, defendants have filed a motion to revoke Johnson's pauper status (ECF No. 12) and a motion for sanctions (ECF No. 13). Johnson has filed a countermotion for sanctions, as well as two motions for oral argument before a district judge. (ECF Nos. 15, 28, 31). Johnson has also filed a motion for partial summary judgment. (ECF No. 33). In response, defendants have filed a motion to deny Johnson's motion for partial summary judgment, or alternatively, for an extension of time to file an opposition to Johnson's motion for partial summary judgment. (ECF No. 34). The court will address each motion in turn.

**II.    Discussion**

As a preliminary matter, in two separate motions, Johnson requests oral argument on defendants' motion to revoke his pauper status and motion for sanctions, as well as on his countermotion for sanctions. (ECF Nos. 28, 31). Pursuant to Local Rule 78-1, "[a]ll motions may be considered and decided with or without a hearing," and while a party may request a hearing on the belief that "oral argument may assist the court," the party must do so by inserting the words "ORAL ARGUMENT REQUESTED below the title of

the document on the first page of the motion or response." LR 78-1. Parties are not permitted to file separate motions requesting a hearing. LR 78-1.

Johnson has not requested a hearing in his countermotion for sanctions/response to defendants' motions, and the court has determined that oral argument is not necessary to resolve the motions presently pending in this action. Accordingly, the court will deny both of Johnson's motions for oral argument. (ECF Nos. 28, 31).

*a. Motion to revoke pauper status*

Defendants' motion to revoke Johnson's pauper status is governed by 28 U.S.C. § 1915. In pertinent part, section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.
>
> …
>
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1)–(2).

"The statutory benefit of 28 U.S.C. 1915, enabling a party, under some circumstances, to proceed in forma pauperis in civil actions in the federal courts, is conferred as a privilege only, not as a matter of right." *Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968). "Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D. Mo. 1992).

Here, defendants have presented evidence that a $22,500.00 settlement, received by Johnson in November 2017, was deposited into his Trust2 inmate account ("Trust2 account"), and that he currently has $2,764.46 remaining in that account. (ECF No. 12-

3

1 at 26, 30). Defendants argue that based on these figures, Johnson should be required to pay the remainder of the filing fee within thirty days. (ECF No. 12). Johnson does not dispute these figures, but rather contends that only his monthly income should be considered in determining whether he can afford the filing fee. (ECF No. 15). Johnson argues that based on his monthly income, he should be ordered to pay no more than $8.44 per month toward his filing fee. *Id.*

Johnson filed his IFP application on June 18, 2018. (ECF No. 1). At that time, he had approximately $11,800.00 in his Trust2 account, but on his IFP application, he disclosed that he had only $200 in his prison and outside checking and savings accounts. *Id.* Because Johnson was not "unable to pay [the filing fee] or give security therefor" at the time he filed his IFP application, the court will revoke his pauper status. *See* 28 U.S.C. § 1915. Johnson's contention that the court may consider only his monthly income in determining whether to extend or revoke his pauper status is not to the contrary, as the plain language of section 1915 contains no such requirement, and Johnson cites no authority to support this contention otherwise.

Accordingly, the court will grant defendants' motion to revoke Johnson's pauper status. (ECF No. 12).

*b. Cross-motions for sanctions*

Defendants also contend that Johnson should be sanctioned for misrepresenting the total value of his checking and savings accounts in his IFP application because the misrepresentation was in bad faith. (ECF No. 13). Defendants note that the financial certificates Johnson submitted with his IFP application indicate that he had approximately $12,089.00 in his Trust2 account at the time he filed his IFP application, such that he cannot seriously dispute that he knowingly misrepresented his financial situation to the court. *Id.* Defendants also note that Johnson has been declared a vexatious litigation in Nevada state court. *Id.* Defendants request that the court sanction Johnson's misconduct by dismissing this action with prejudice. *Id.*

Johnson responds that he was not required to disclose the funds in all of his prison accounts and that he has never done so in the ten (10) years he has been filing IFP

4

applications. (ECF No. 15). He further responds that his financial representations could not have been false because they were supported by a financial certificate signed by NDOC staff. *Id.* In addition, Johnson notes that he has not been classified as a vexatious litigant in federal court. *Id.*

Johnson has also filed a countermotion for sanctions, arguing that defendants brought their motion for sanctions in bad faith to harass and intimidate him. *Id.* Defendants respond that their motion for sanctions is meritorious and not brought for an improper purpose. (ECF No. 24).

First, the court finds that Johnson willfully misrepresented the total value of his checking and savings accounts in his IFP application. In the financial certificates attached to his IFP application, it is clear that Johnson had approximately $12,089.00 in his Trust2 account at the time he filed his IFP application. (ECF No. 1 at 8). Accordingly, Johnson cannot deny that he knew he had more than $200 in his checking and savings accounts when he filed his IFP application.

Second, when Johnson signed the IFP application, he acknowledged that the information contained therein was, to his knowledge, true and correct, and that sanctions could be imposed against him if any of the information provided was false or misleading. *Id.* Because his entry of $200 as the total value of his checking and savings accounts was a false and misleading representation of the actual value contained in his accounts, sanctions may be imposed.

Federal courts have inherent power to sanction conduct "which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. Before imposing sanctions under its inherent authority, "a court must make an explicit finding of bad faith or willful misconduct." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003).

Defendants contend that dismissal of this action with prejudice is the appropriate sanction for Johnson's misconduct. (ECF No. 13). Because dismissal is a drastic sanction, it "is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A district court considering involuntary dismissal under

Federal Rule of Civil Procedure 41(b) should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic measures." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citations omitted). A court need not find that all five factors favor dismissal in order to dismiss a case under Rule 41(b). *Id.*

The court finds that dismissal with prejudice is not warranted by Johnson's misconduct. The first and second *Yourish* factors weigh in favor of dismissal, but there is little to no prejudice to defendants in allowing Johnson to pay the full filing fee and continue to prosecute this case. Further, public policy favors disposition of this case on its merits, and there are less severe sanctions available, such as dismissal without prejudice, monetary sanctions, or disciplinary proceedings through the Nevada Department of Prisons. There are thus two factors in favor of, and three factors against, involuntary dismissal.

Accordingly, the court finds that dismissal of this action is inappropriate. Moreover, because Johnson will be required to pay the full filing fee before he may proceed in this action, the court will not impose sanctions at this time. Defendants' motion for sanctions (ECF No. 13) will therefore be denied. Johnson is warned that any future failure to provide true and correct information in an IFP application may result in sanctions, which may include involuntary dismissal pursuant to Rule 41(b).

Johnson's countermotion for sanctions will also be denied. Johnson's countermotion is rife with allegations of frivolity, maliciousness, and bad faith, none of which are supported by the evidence. In having concluded that Johnson's pauper status should be revoked and that Johnson willfully misrepresented the total value of his checking and savings accounts in his IFP application, the court necessarily finds that defendants' motion to revoke Johnson's pauper status and motion for sanctions were not brought "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers*, 501 U.S. at 45–46. Accordingly, Johnson's countermotion for sanctions (ECF No. 15) will be denied.

6

*c. Motion for partial summary judgment and motion to deny partial summary judgment*

The court next turns to Johnson's motion for partial summary judgment and defendants' motion to deny Johnson's motion for partial summary judgment. (ECF Nos. 33, 34). "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). The Supreme Court noted that "[t]his requirement in turn is qualified by [Rule 56(d)'s] provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* at 250 n.5.

Federal Rule of Civil Procedure 56(d) provides that, prior to the entry of summary judgment, the opposing party must have had a sufficient opportunity to discover information essential to its opposition. Fed. R. Civ. P. 56(d); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion [for summary judgment]."). Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Defendants contends that Johnson's motion for partial summary judgment is premature because (1) the court has not yet ruled on defendants' motion to revoke Johnson's pauper status and motion for sanctions, and (2) discovery is not set to close in this case until March 10, 2020. (ECF No. 34). Defendants submit that they have "not had an opportunity to adequately prepare their defense or engage in discovery" due to the number of defendants being represented by the attorney general's office and the resources required to answer Johnson's numerous interrogatories, requests for admissions, and requests for document production and disclosure. *Id.*

Defendants indicate that they have not had sufficient time to investigate or develop the following issues:

- Whether defendants Dzurenda, Williams, Calderin, Nash, and Bean all personally participated in the decision to deny Johnson's request to congregate in a unit activity rooms five (5) times a day to pray.
- Whether Johnson's religious exercise was "substantially burdened" by the restriction or instead subject to a "mere inconvenience."
- Whether the restriction is reasonably related to a legitimate penological interest, including safety and security interests.
- Whether Johnson exhausted his administrative remedies.

*Id.*

The court finds that Rule 56(d) does not justify denial of Johnson's motion for partial summary judgment as premature. While defendants appear to have had insufficient time to investigate certain issues, they are in control of most of the pertinent evidence, and have therefore had a sufficient opportunity, for the purposes of Rule 56(d), to discover information essential to their opposition. Accordingly, the court will deny defendants' motion (ECF No. 34) insofar as defendants seek dismissal of Johnson's motion for partial summary judgment.

However, defendants have shown good cause for an extension of time to respond to Johnson's motion for partial summary judgment. The court will therefore grant defendants' motion (ECF No. 34) insofar as defendants request an extension of time to respond to Johnson's motion for partial summary judgment.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to revoke Johnson's pauper status (ECF No. 12) be, and the same hereby is, GRANTED. Johnson is ordered to pay the full $350 filing fee within thirty (30) days of the date of this order. Failure to do so will result in dismissal of this action without prejudice.

IT IS FURTHER ORDERED that defendants' motion for sanctions (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Johnson's countermotion for sanctions (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Johnson's "motion for oral arguments on all pending motions" (ECF No. 28) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Johnson's second motion for "oral argument on all pending motions" (ECF No. 31) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to deny Johnson's motion for partial summary judgment, or alternatively, for an extension of time to file an opposition to Johnson's motion for partial summary judgment (ECF No. 34) be, and the same hereby is, GRANTED in part and DENIED in part. Defendants' motion is DENIED insofar as defendants seek dismissal of Johnson's motion for partial summary judgment. Defendants' motion is GRANTED insofar as defendants request an extension of time to respond to Johnson's motion for partial summary judgment.

IT IS FURTHER ORDERED that defendants shall have up to and including January 30, 2019 to file their response to Johnson's motion for partial summary judgment (ECF No. 33).

DATED January 23, 2020.

_____
UNITED STATES DISTRICT JUDGE

9